**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Quiwaneca Spikes,

Plaintiff

v.

Ella, et al.,

Defendants

Case No.: 2:25-cv-02141-JAD-DJA

**Order Granting Motions to Reopen Case and Screening and Dismissing Complaint with Leave to Amend by December 28, 2026**

[ECF Nos. 1-1, 12, 13]

Plaintiff Quiwaneca Spikes brought this action under 42 U.S.C. § 1983, claiming that her civil rights were violated while she was in the custody of the Nevada Department of Corrections.[1] After Spikes filed an updated address indicating that she was no longer in custody,[2] the magistrate judge directed her to either pay the $405 filing fee or file a non-prisoner application to proceed *in forma pauperis* by August 17, 2026.[3] Spikes did not pay the filing fee, file a non-prisoner application to proceed *in forma pauperis*, or otherwise respond to the order. On September 4, 2026, I dismissed and closed this case.[4]

**A. The court grants Spikes's requests to reopen this case.**

Spikes now moves to reopen the case.[5] Under Federal Rule of Civil Procedure 60(b) a court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Excusable neglect is an equitable question for the court, considering "all

[1] ECF No. 1-1.

[2] ECF No. 8.

[3] ECF No. 9.

[4] ECF No. 10.

[5] ECF Nos. 12, 13.

relevant circumstances surrounding the party's omission."[6] Courts use the following factors to determine whether a party's omission should be considered excusable neglect: the danger of prejudice to the other party; the length and impact of the delay on judicial proceedings; the reason for delay and whether it was reasonably within the party's control; and whether the party acted in good faith.[7]

In her reopening request, Spikes states that she tried to comply with the court's order but was involved in an accident and that unexpected travel caused her to lose access to her legal documents.[8] Spikes appears to argue that she filed an application to proceed *in forma pauperis* for non-prisoners before the deadline, and that she should be provided an opportunity to cure any defects with her filing. To be sure, Spikes never filed an application to proceed *in forma pauperis* for non-prisoners in this case. But she has several ongoing cases, so it is plausible that she intended to file an application in this case, but for whatever reason it was not filed.

In light of Spikes's representations, I grant her motions to reopen this case. Spikes has still not paid the $405 filing fee or filed an application to proceed *in forma pauperis* for non-prisoners, so I give her until December 28, 2026, to do so. If she fails to either pay the filing fee in full or file a complete application to proceed *in forma pauperis* by a non-prisoner by December 28, 2026, this case may be dismissed again without further prior notice.

---

[6] *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Svcs. Co. v, Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[7] *Id.*

[8] ECF No. 12 at 1.

**B. Because Spikes has improperly joined unrelated claims in this single suit, the court dismisses it with leave to amend by December 28, 2026.**

With the case now reopened, I screen Spikes's complaint under 28 U.S.C. § 1915.[9] Having done so, I find that Spikes brings improperly joined claims. So I dismiss the complaint without prejudice and with leave to amend by December 28, 2026.

***1. Spikes's factual allegations***[10]

In Count I, Spikes alleges that in October 2025, she met with defendant Ella, a nurse practitioner, and Jane Doe 1.[11] She began to tell Ella that Ella had allowed her many emergency medical issues to go untreated for a long time. Ella then hit Spikes hard on her left shoulder though she knew that Spikes had a preexisting injury to that shoulder. Spikes then asked Ella for treatment for various medical issues, including burning during urination, red painful eyes, and MRSA bumps. But Ella and Jane Doe 1 refused to provide treatment for any of these issues.[12]

In Count II, Spikes alleges that in October 2025 she was transported for ATI therapy.[13] Jane Doe 2 put her handcuffs and ankle cuffs on too tightly. Spikes complained to officer Aceyes, who told Jane Doe 2 to loosen the ankle cuff. But neither of them loosened the handcuffs. When Spikes arrived for therapy, she struggled to fill out paperwork because the handcuffs were too tight. She showed an officer that the handcuffs were cutting and bruising her

---

[9] I note that if Spikes pays the $405 filing fee, this case will no longer be subject to screening because Spikes is no longer incarcerated. However, Spikes has indicated that she intends to file an application to proceed *in forma pauperis* for non-prisoners. So I move forward with screening at this time.

[10] This is a summary of allegations and should not be taken as findings of fact.

[11] ECF No. 1-1 at 4.

[12] *Id.* at 5.

[13] *Id.* at 7.

wrists and arms, and the handcuffs were loosened just a little. Later, as Spikes left the appointment, Jane Doe 2 grabbed her very hard by the shirt.[14]

In Count III, Spikes alleges that during her therapy visit, John Doe, the man in charge of the therapy, directed her to lie down on a hard table. But the chains connected to her restraints made that very painful. He also directed Spikes to pull her knees up to her chest and later to bend over and touch her toes. Both movements were very painful because of her restraints and a spine issue. Spikes explained that she had a lumbar issue and needed surgery, but John Doe looked at Spikes as if he did not care. He told her that he would provide her with pictures showing how she should do the stretches. However, Ella never provided Spikes the pictures.

### ***2. Spikes's claims***

Based on these events, Spikes brings a claim for deliberate indifference to her serious medical needs and an excessive force claim.[15] Spikes names Ella, Aceyes, Jane Doe 1, Jane Doe 2, and John Doe 1 as defendants. She seeks damages.

### ***3. Spikes's various claims are improperly joined in a single case.***

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, **unrelated claims that involve different defendants must be brought in separate lawsuits.**[16]

---

[14] *Id.* at 8

[15] *Id.* at 12.

[16] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the

These rules are not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). Claims may not be joined merely because they occurred in the same jail, the violators had the same supervisor, or the claims are based on the same type of constitutional violation.

In Count I, Spikes appears to bring claims against Ella for excessive force. She also appears to bring a claim against Ella and Jane Doe 1 for deliberate indifference to various serious medical issues. In Count II, Spikes brings an excessive-force claim based on overly tight handcuffs while she was transported to a therapy appointment. In Count III, Spikes appears to bring a claim based on the therapy John Doe 1 provided during her therapy appointment. Each of these claims arises out of a different occurrence, and each claim is against different defendants. Thus, these claims are not properly joined in a single case. Because Spikes brings improperly joined claims, I dismiss the complaint in its entirety, without prejudice and with leave to amend.

### *4. Leave to amend*

I grant Spikes leave to amend. If Spikes chooses to file an amended complaint, she is advised that an amended complaint replaces any previously filed complaints, so the amended complaint must be complete in itself.[17] This means that Spikes's amended complaint must

---

plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner").

[17] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896,

contain all claims, defendants, and factual allegations that she wishes to pursue in this lawsuit. Spikes must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Spikes must follow the instructions on the form. She need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, she should allege facts sufficient to show what each defendant did to violate her civil rights. **She must file the amended complaint by December 28, 2026.**

I advise Spikes that each claim that is raised in the first amended complaint must be permitted by either Rule 18 or Rule 20. Spikes may state a single claim against a single defendant. Spikes may then add any additional claims to her action that are against the same defendant under Rule 18. Spikes may also add any additional claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as his original claim**. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the FRCP will result in those claims being dismissed as improperly joined.

## Conclusion

IT IS THEREFORE ORDERED that Spikes's motions to reopen the case **[ECF Nos. 12, 13] are GRANTED.**

IT IS FURTHER ORDERED that **Spikes has until December 28, 2026, to pay the $405 filing fee or file an application to proceed *in forma pauperis* by non-prisoners**. If she fails to pay the $405 filing fee or file an application to proceed *in forma pauperis* by a non-prisoner by this deadline, this case will be subject to dismissal without further prior notice.

928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

IT IS FURTHER ORDERED that **the complaint is dismissed in its entirety without prejudice and with leave to amend by December 28, 2026**, because it brings improperly joined claims. If Spikes chooses to file an amended complaint, she must use the approved form, and she shall write the words “First Amended” above the words “Civil Rights Complaint” in the caption. The amended complaint will be screened in a separate screening order**. If Spikes does not file an amended complaint by December 28, 2026, this action will be subject to dismissal.**

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to**

- **VACATE** the Order and Judgment dismissing this action without prejudice (ECF Nos. 10, 11) and reopen this case.
- **FILE** the complaint (ECF No. 1-1); and
- **SEND** Spikes the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of her original complaint (ECF No. 1-1) as well as the Court’s approved form application to proceed *in forma pauperis* for a non-prisoner with instructions for the same.

Dated: November 23, 2026



U.S. District Judge